**ETTER et al. v. NATIONAL FRUIT FLAVOR CO. et al.**

**No. 8599.**

Court of Civil Appeals of Texas. San Antonio.

May 27, 1931.

Rehearing Denied June 24, 1931.

Thomson, Dilworth & Marshall, of San Antonio, for plaintiffs in error.

Templeton, Brooks, Napier & Brown, Hertzberg & Kercheville, and Marion R. McClanahan, all of San Antonio, for defendants in error.

FLY, C. J.

The National Fruit Flavor Company instituted suit against plaintiffs in error to recover the sum of $1,929.25, evidenced by a judgment in favor of the National Fruit Flavor Company against Carbonated Beverage Company of San Antonio, which it was alleged was entirely owned by J. W. Etter, J. C. Capt, and Theo Wolf, the only incorporators. Chattanooga Bottle & Glass Manufacturing Company, Crown Cork & Seal Company, and Liquid Carbonic Corporation intervened in this suit and each recovered judgment against the plaintiffs in error.

The facts as found by the trial judge show that J. W. Etter and J. C. Capt bought the Nu Grape Bottling Company, a private corporation, and afterwards changed the name to Carbonated Beverage Company of San Antonio. At the time of said purchase the said purchasers assumed the rights and liabilities of the Nu Grape Bottling Company. There were three hundred shares in the original corporation paid up. The corporation has been insolvent since 1925. Etter and Capt never at any time loaned any money to the original corporation, or the successor to it, incorporated by them, although certain other corporations in which they owned stock did lend money to the said corporations. We copy and adopt the following findings of facts:

"Plaintiff and interveners recovered judgments against Carbonated Beverage Company of San Antonio, Inc., on the dates and in the amounts and in all things as alleged in their respective pleadings, and executions were issued thereon and returned by the sheriff 'nulla bona.'

"Carbonated Beverage Company of San Antonio, Inc., at the date of filing plaintiff's original petition herein and at all times thereafter to the present time has had no assets of any kind or character whatever, save and except the claim against defendants Etter and Capt for the unpaid stock held by them as under subscription.

"At the time defendants Etter and Capt transferred 100 shares of the capital stock of said corporation to said corporation in cancellation of indebtedness in the amount of Six Thousand ($6,000.00) Dollars due by them to said corporation, that said 100 shares of stock were totally unpaid, and that said corporation did not acquire said stock for the purpose of re-issue for cash or for a valuable consideration, and that at the time of said attempted transfer of said 100 shares of stock to said corporation that it had no surplus funds and no undivided profits, and that at said time it was in an insolvent condition.

"Theo Wolf gave a note to said corporation in the amount of $10,000.00, payable only out of dividends on stock for which said note was given and he never made or obligated himself personally to make any payment thereon.

"In July, 1927, the plaintiff and interveners discovered, in the exercise of reasonable diligence and for the first time, that the capital stock of said corporation was not fully paid, and plaintiff and interveners acted with due diligence in asserting their rights against the defendants herein."

The first and third propositions assail the finding of the trial court that Etter and Capt assumed the rights and liabilities of the corporation. Etter swore that they bought all the rights and assumed the liabilities. The propositions are overruled. Etter said: "We bought the capital stock. * * * We took the whole thing, assets and liabilities."

The fourth and fifth propositions are overruled. There is no value shown of the franchises of the two bottling corporations traded in for the shares of the corporation purchased by Etter and Capt. The value placed upon such franchises is chimerical and speculative, having no basis in real facts. The price of $100 fixed on the franchises by the trial judge is more, probably, than the evidence justified.

The theory advanced by plaintiffs in error as to loans made by them to their corporation are imaginative and unreal, and of too filmy and insubstantial character to meet with consideration and approbation. The sixth proposition is overruled.

There is no merit in the seventh and eighth propositions. They are not sustained by the evidence.

The ninth, tenth, eleventh, and twelfth propositions assail conclusions of law of the trial court which are of no great importance in the consideration of this appeal. If the facts sustain the judgment in this case, it would not matter how much the trial court may have erred in the reasons given by the trial judge for the judgment rendered by him. The propositions are overruled.

The thirteenth proposition is very long and involved and seeks to cover every matter connected with the case. It is too voluminous, intricate, and argumentative for consideration. The whole case is summed up, argued, and sought to be presented. It is too multifarious to be considered as a proposition of law.

The fourteenth and fifteenth propositions are not sustained by the facts and are overruled.

The sixteenth proposition does not merit serious consideration and is overruled. It cannot be seriously contended that plaintiffs in error, who owned the entire corporation, should be considered as creditors.

The judgment is affirmed.